**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| DALE MOOG, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>THE CHRISTIAN BROADCASTING NETWORK, INC.,<br><br>           Defendant. | Case No. 1:24-cv-00501-PTG-IDD |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Dale Moog, on behalf of himself and as a representative of the Settlement Class (as defined herein) and Defendant The Christian Broadcasting Network, Inc. ("CBN") (collectively with the Plaintiff referred to as the "Parties"). Defendant is a non-profit, non-commercial Christian charity dedicated to promulgating the truth of the Bible and the Word of God to the world.  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1.      On March 28, 2024, Tyler Stricker filed a putative class action complaint against CBN in the United States District Court for the Eastern District of Virginia alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"). ECF No. 1.

2.      On April 17, 2024, Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint") and changed the named Plaintiff to Dale Moog.

3.      The material allegations of the Amended Complaint center on Defendant's alleged

disclosure of Plaintiff's Facebook ID, which he alleges describes his personally identifiable information ("PII"), as defined under the VPPA, to Meta Platforms, Inc. (formerly known as Facebook) ("Meta") without informed, written consent by installing the Meta Pixel[1] on its websites, which Plaintiff alleges constituted knowing disclosure to a third party as required by the VPPA. Plaintiff further alleges that he created a free login on Defendant's webpage by providing a screen name, creating his personal password for the site and providing his email address. Plaintiff alleges that this free registration constitutes a subscription under the VPPA.

4.      Defendant contends that Plaintiff has never revealed his Facebook ID to Defendant, and Defendant did not know and does not know Plaintiff's Facebook ID, or if Plaintiff has a Facebook account or a Facebook ID, or if Plaintiff has allowed Facebook to track his internet activities.

5.      On June 28, 2024, the Parties filed a Joint Motion for a Temporary Stay Pending Mediation, jointly requesting a stay of all pending deadlines for ninety (90) days, or until September 30, 2024, to allow the Parties to engage in a private mediation. ECF No. 8.

6.      On July 1, 2024, the Court granted the Parties' motion, entering a temporary stay pending mediation and vacating all deadlines. ECF No. 13.

7.      On September 10, 2024, the Parties attended an all-day mediation with the Honorable F. Bradford Stillman (Ret.). This mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.

8.      Prior to the mediation, the Parties exchanged informal discovery regarding the merits of the case and class certification under Fed. R. Civ. P. 23 and Fed. R. Evid. 408.

9.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to

---

[1] The "Meta Pixel" is a piece of code that can be embedded in a website to track user interactions such as pages visited, and to report that information back to Meta (formerly known as Facebook).

commit, any wrongful act or violation of law or duty alleged in the Action. Defendant also denies that the putative class should be certified or that the putative class or Plaintiff has suffered any injury or damages. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.

10.    This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

11.    Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Plaintiff, the Settlement Class, and each of them, and Defendant, by and through undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## <u>AGREEMENT</u>

**1.    DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below.

**1.1.    "Action"** means *Moog v. The Christian Broadcasting Network, Inc.*, Case No. 1:24-cv-00501-PTG-IDD, pending in the United States District Court for the Eastern District of Virginia.

**1.2.    "Claim Form"** means the document substantially in the form attached hereto as Exhibit D, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.3.    "Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.4.    "Class Counsel"** means Allen Carney and Sam Jackson of Carney Bates & Pulliam PLLC, and Nicholas Johnson and James Kauffman of Bailey & Glasser, LLP.

**1.5.    "Class Period"** means the period from March 28, 2022, to and through the date of May 28, 2024.

**1.6.**    **"Class Representative"** means the named Plaintiff in this Action, Dale Moog.

**1.7.**    **"Court"** means the United States District Court for the Eastern District of Virginia, the Honorable Patricia Tolliver Giles presiding, or any judge who shall succeed her as the judge in this Action.

**1.8.**    **"Defendant"** means The Christian Broadcasting Network, Inc. or CBN.

**1.9.**    **"Defendant's Counsel"** means Michael W. Jervis and Aarthi Manohar of Mullen Coughlin, LLC, and Benjamin Dill of McAngus Goudelock & Courie.

**1.10.**    **"Effective Date"** means the latest date after which all of the following have occurred: (1) the Parties have executed this Settlement Agreement; (2) the Court has entered a Preliminary Approval Order approving such Settlement Agreement; (3) the Court has entered a Final Judgment approving such Settlement Agreement in all material respects; and (4) the time for filing an appeal from such Final Judgment has expired, or, in the event that there is an appeal from such Final Judgment, all appeals have been exhausted resulting in the entry of a final, non-appealable order approving the Settlement Agreement in all material respects.

**1.11.**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

**1.12.**    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses

awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.13.    **"Final"** means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, and the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether a judgment of the Court is "Final" as defined herein.

1.14.    **"Final Approval Hearing"** means the hearing at or after which the Court shall determine (i) whether to finally approve this Settlement Agreement as fair, reasonable, and adequate, and (ii) whether, and in what amount, to approve Class Counsel's request for attorneys' fees and expenses, and a Service Award to the Class Representative.

1.15.    **"Final Approval Order and Judgment"** means the order to be entered by the Court, after the Final Approval Hearing, granting final approval of the Settlement Agreement.

1.16.    "**Net Settlement Fund**" means the Settlement Fund less the following: Settlement Administration Expenses; any taxes due on earnings on the Settlement Fund, and any expenses related to the payment of such taxes; any Fee Award awarded by the Court; any Service Award awarded by the Court; and any other Court-approved deductions.

1.17.    **"Notice"** means the notice of this proposed Settlement Agreement and the Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of due process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits B and C hereto

**1.18.** **"Notice Date"** means the date by which the Notice Program set forth in Paragraph 5 is commenced, which shall be no later than forty-five (45) days after Preliminary Approval.

**1.19.** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a member of the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award Application are filed with the Court and posted to the settlement website, or such other date as ordered by the Court.

**1.20.** "**Order on Attorneys' Fees**" means an order regarding Class Counsel's application for an award of reasonable attorneys' fees and expenses which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

**1.21.** **"Person"** means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity, and the spouses, heirs, predecessors, successors, representatives, or assigns of the foregoing. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22.** **"Plaintiff"** means Dale Moog.

**1.23.** **"Preliminary Approval"** means the Court's preliminary certification of the Settlement Class for settlement purposes only, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.24.** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, preliminarily certifying the Settlement Class for settlement purposes only, and directing notice thereof to the Settlement Class.  The Parties' proposed form of the Preliminary

Approval Order is to be submitted to the Court for approval in conjunction with Plaintiff's motion for preliminary approval of the Settlement Agreement.

1.25. **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and/or video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the alleged disclosure of the Settlement Class Members' personally identifiable information and/or video viewing behavior to any third party. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.26. **"Released Parties"** means CBN as well as its respective present or past joint ventures, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, and its, or their respective, administrators, employees, agents, consultants, insurers, reinsurers, directors, managing directors, officers, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and any affiliated companies, firms, trusts, and corporations, whether foreign or domestic.

1.27. **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not

timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.28.    **"Service Award"** means any amount awarded by the Court to the Class Representative as a service award in recognition of his efforts and commitment on behalf of the Settlement Class, which will be paid out of the Settlement Fund.

1.29.    **"Services"** means CBN's or its affiliates' websites through which individuals, including any Settlement Class Members, requested or obtained audio visual content.

1.30.    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from Settlement Class Members, and, if necessary, mailing Notices and/or checks for Approved Claims, and related services.

1.31.    **"Settlement Administrator"** means a reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

1.32.    **"Settlement Amount"** means four million dollars ($4,000,000.00) in cash, based on a Settlement Class size of approximately 207,000. Should the Settlement Class size increase by more than 10%, the Settlement Amount shall increase pro rata for each Settlement Class Member above 207,000.

1.33.    **"Settlement Class"** means all persons in the United States who: (1) possessed and used login credentials for any of CBN's websites and (2) requested or obtained video content from and/or through any of CBN's Services during the Class Period. Excluded from the Settlement Class: are (1) any persons who have asserted claims against CBN under the VPPA prior to the date of this settlement through counsel other than Class Counsel; (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (5) the legal representatives, successors or assigns of any such excluded persons.

1.34.    **"Settlement Class Member"** means an individual in the Settlement Class as set forth above who has not submitted a valid request for exclusion.

1.35.    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the Settlement Amount, to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. The Settlement Fund shall be at all times a "qualified settlement fund" within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund account or otherwise, including any taxes or tax detriments that may be imposed upon the Class Representative, Class Counsel, Defendant, or Defendant's Counsel with respect to income earned

by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund. Neither the Class Representative, Class Counsel, Defendant, nor Defendant's Counsel shall have any liability or responsibility for any taxes arising with respect to the Settlement Fund. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. With the exception specified in Paragraph 1.32, in no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than the Settlement Amount.

1.36.   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that

it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.    SETTLEMENT RELIEF

2.1    Defendant shall pay or cause to be paid into the Escrow Account portions of the Settlement Amount to pay for Settlement Administration Expenses, any court-awarded attorneys' fees and expenses, and any court-awarded Service Award as those become due. Defendant shall pay or cause to be paid into the Escrow Account the remainder of the Settlement Amount within fourteen (14) business days of the Effective Date.

2.2    Settlement Class Members shall have until the Claims Deadline to submit a claim. The Settlement Administrator shall pay a pro rata portion of the Net Settlement Fund for all approved claims through payment (a) by check via first class U.S. mail; or (b) by electronic means via Venmo, CashApp, Zelle, etc., upon election of the Settlement Class Member, which the Parties agree to make available as alternative payment options. Payments to all Settlement Class Members with approved claims shall be made within ninety (90) days after the Effective Date.

2.3    All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a pro rata basis (after first deducting any necessary Settlement Administration Expenses from such uncashed check funds) to all Settlement Class Members who cashed checks or received electronic payments during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution, a secondary distribution would

be otherwise infeasible, or any funds remain unclaimed 120 days following a secondary

distribution, such funds shall, subject to Court approval, be distributed to The Salvation Army

(USA) for past, current or future Hurricane Relief.

    **2.4**      Upon payment of the Settlement Fund into the Escrow Account, all risk of loss

with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and

all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be

extinguished. No part of the Settlement Fund shall revert to CBN.

    **2.5**      In addition to the foregoing, within 45 days after the entry of Final Judgment, CBN

will suspend operation of the Meta Pixel on any pages on its website that both include video

content and have a URL that identifies the video content requested or obtained, unless and until

the same is authorized or permitted by law, and/or the VPPA is: (a) amended to expressly permit

(and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on

the use of website pixel technology by the United States Supreme Court or the Fourth Circuit Court

of Appeals. Nothing about this provision prevents CBN from seeking to obtain VPPA-compliant

consent in the future should it wish to reinstitute use of the Meta Pixel. Likewise, nothing herein

shall prohibit the use by CBN of the Meta Pixel where the disclosure of information does not

identify specific video materials that a user has requested or obtained, or to engage in the use of

other technology that does not violate the VPPA, or has been consented to by the user.

**3.**      **SETTLEMENT APPROVAL**

    **3.1**      The Parties shall cooperate in good faith, and agree, subject to their fiduciary and

other legal obligations, to take all reasonably necessary steps to obtain the Court's approval of the

terms of this Settlement Agreement.

    **3.2**      Within fourteen (14) days after the execution of this Settlement Agreement, Class

Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the

Court for Preliminary Approval of the settlement set forth in this Agreement; preliminary certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Email Notice, Long Form Notice and Claim Form for dissemination substantially in the form of Exhibits B, C, and D hereto, respectively. The Preliminary Approval Order, to be proposed in the form agreed to by the parties and as attached hereto as Exhibit A, shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

      **3.3**    Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-

related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

3.4    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the Settlement of the Action as set forth herein.

3.5    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things): (i) find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto; (ii) approve the Settlement Agreement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; (iii) find that the Notice implemented pursuant to the Agreement constitutes the best practicable notice under the circumstances, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court; (iv) find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement; (v) dismiss the Action with prejudice, without fees or costs to any party except as provided in the Settlement Agreement; and (vi) enter Final Judgment.

4. **RELEASE**

4.1    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

4.2    Upon the Effective Date, and in consideration of the promises and covenants in this Settlement Agreement, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged all

Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be completely and permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

**5.    NOTICE TO THE SETTLEMENT CLASS**

**5.1** The Notice Program shall consist of the following:

**5.1.1**    Settlement Class List. No later than fourteen (14) days after Preliminary Approval, Defendant shall produce an electronic list from its records that includes the email addresses, to the extent available, belonging to Persons within the Settlement Class (the "Class List"). Defendant represents that the Class List shall identify the email addresses provided to Defendant when the individual obtained login credentials for CBN Services. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the VPPA. The Class List shall be provided to the Settlement Administrator with a copy to Class Counsel. Class Counsel shall not use the Class List, or any information contained within it, for any other purposes other than administering the Settlement, and shall take reasonable measures to protect the information from any third-party disclosure.

**5.1.2**    Direct Notice. By no later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List. In the event transmission of

email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

**5.1.3**    <u>Additional Notice</u>. If deemed necessary by Class Counsel and Defendant's Counsel in consultation with the Settlement Administrator, the Parties agree to discuss additional notice and/or means of notice, including, but not limited to, sending a reminder Notice via email, substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), to all Settlement Class Members for whom a valid email address is available in the Class List.

**5.1.4**    <u>Settlement Website</u>. By no later than the Notice Date, Notice shall be provided on a case-specific settlement website that will enable Settlement Class Members to file Claim Forms online. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto. The Settlement Website shall include at least the following information: (i) a summary of the Action and the settlement terms; (ii) a "Contact Us" page with Settlement Administrator contact information; (iii) the Settlement Agreement, motions for approval and for attorneys' fees and any other important documents in the case; (iv) important case dates and deadlines, including the Objection/Exclusion Deadline; (v) a summary of Settlement Class Member rights, including how to object to and request exclusion from the Settlement, and how to make a claim; and (vi) the date, time, and location of the Final Approval Hearing.

**5.1.5**    <u>Toll-Free Telephone Number</u>. The Notice Program shall also establish a toll-free telephone line for Settlement Class Members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked

questions and provide essential information regarding the Action.

      **5.1.6** <u>CAFA Notice</u>. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

      **5.1.7** The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notices shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notices, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

      **5.2** Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be postmarked on or before the Objection/Exclusion Deadline. The written objection must also include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in

any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) the objector's handwritten or electronically imaged written signature; and (7) a list of all class actions in which the objector has lodged an objection in the last five years. So-called "mass" or "class" objections shall not be allowed.

      **5.3**      If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

      **5.4**      A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by this Agreement, if approved. Any Settlement Class Member who validly elects to be excluded

from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice and approved by the Court.

5.5    The Final Approval Hearing shall be no earlier than ninety (90) days after the Motion described in Paragraph 3.2 is filed.

5.6    Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 6.    FEE AND SERVICE AWARDS

6.1.    Pursuant to Fed. R. Civ. P. 23(h), Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award. Plaintiff will file a motion with the Court prior to the Final Approval Hearing requesting a Fee Award not to exceed one-third of the Settlement Fund.

6.2.    Payment of the Fee Award shall be made from the Settlement Fund within five (5) days of its funding as set forth in Paragraph 2.1 herein.

6.3.    Class Counsel may file a motion for Court approval of a Service Award for the Class Representative, to be paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement. With no consideration having been given or received, Defendant agrees not to object to a request for a Service Award to the Class

Representative of up to $5,000.00.

**6.4.**     The Service Award shall be paid from the Settlement Fund within five (5) days of its funding as set forth in Paragraph 2.1.

**6.5.**     The Parties agree that the effectiveness of this Settlement Agreement does not require and is not conditioned upon the Court's approval of a Fee Award and/or a Service Award. No decision by the Court, or modification, reversal, or appeal of any decision by the Court, concerning the payment of a Fee Award and/or a Service Award shall be grounds for cancellation or termination of this Settlement Agreement.

**7.**     **SETTLEMENT ADMINISTRATOR**

**7.1.**     The Parties will obtain bids, which will include a proposed notice plan consistent with the Notice Program set forth in Paragraph 5 herein, from potential settlement administrators with expertise in class action settlement administration. The Parties shall jointly select one settlement administrator from among those who have presented a bid, and in seeking preliminary approval, Plaintiff shall request that the Court appoint the selected entity as the Settlement Administrator. Neither Party shall unreasonably withhold agreement to selection of the Settlement Administrator.

**7.2.**     The Settlement Administrator shall be responsible for effectuating the Notice Program consistent with the terms of this Settlement Agreement, as approved by the Court. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information

concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of approved claims.

**7.3.**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**7.4.**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Court for determination.

**7.5.**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 8.     TERMINATION OF THE SETTLEMENT

**8.1**     This Settlement Agreement may be terminated by either Party by serving on counsel for the opposing party and filing with the Court a written notice of termination within ten

(10) days (or such longer time as may be agreed between Class Counsel and Defendant's Counsel) only upon any of the following occurrences: (i) the Court rejects, materially modifies, or materially amends or changes the terms of the Settlement as embodied in this Settlement Agreement, (ii) the Court declines to enter, without material change, the material terms in the proposed Preliminary Approval Order or the proposed Final Approval Order and Judgment; or (iii) an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand.

8.2    To avoid ambiguity, the Order on Attorneys' Fees shall not constitute grounds for termination under this Section. In the event of a termination of this Settlement Agreement based on an occurrence specified above, Class Counsel and Defendant's Counsel agree to negotiate in good faith in an attempt to reach an appropriate, amended settlement agreement.

## 9.    FAIR, REASONABLE, AND ADEQUATE SETTLEMENT

9.1    The Parties believe this Settlement Agreement is a fair, reasonable, and adequate settlement of the Action pursuant to the standards in this Circuit for settlements negotiated prior to class certification, and have arrived at this Settlement Agreement through arm's length negotiations (including mediation conducted by the Hon. F. Bradford Stillman (Ret.)), taking into account all relevant factors, present and potential.

## 10.    MISCELLANEOUS PROVISIONS

10.1.    **Real Parties in Interest**. In executing this Settlement Agreement, Plaintiff, on behalf of himself and the Settlement Class, and Class Counsel represent and warrant that, as far as they are aware, Settlement Class Members are the only persons with a legal interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, Plaintiff and Class Counsel are unaware of any Released Claims or part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

23

**10.2.  Voluntary Agreement**.  This Settlement Agreement is executed by the Parties voluntarily and each of the Parties warrants that it or he has executed this Settlement Agreement without being under duress or undue influence from any source.

**10.3.  Binding Effect**.  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**10.4.  Parties Represented by Counsel**.  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**10.5.  Authorization**.  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity or otherwise, of or against any of the Released Claims, and, further, Plaintiff warrants he is fully entitled and duly authorized to release the Released Claims.

**10.6.  Amendment**.  The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.7.  Entire Agreement**.  This Agreement contains the entire understanding between Defendant and Plaintiff on behalf of himself and the Settlement Class, regarding the Settlement of the Action, and this Settlement Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendant and Plaintiff, including through their respective counsel, in connection with the settlement of the Action.

**10.8.  No Admission**.  Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement

Agreement, including court orders (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, certifiability of a class, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil or administrative proceeding before any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Approval Order and Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

     **10.9.   Headings.** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

     **10.10.  Exhibits.** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

     **10.11.  Construction and Interpretation.** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

     **10.12.  Governing Law.** This Settlement Agreement is entered into in accordance with the laws of the Commonwealth of Virginia and shall be governed by and interpreted in accordance with the laws of the Commonwealth of Virginia, without regard to its conflict of law principles.

**10.13.  Further Assurances.** Each Party shall do any and all acts or things reasonably necessary to carry out the express intent of this Settlement Agreement.

**10.14.  Continuing Jurisdiction.** The Parties to this Settlement Agreement stipulate that the Court shall retain jurisdiction over the Action after the entry of the Final Approval Order and Judgment to oversee the implementation and enforcement of this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order and Judgment, and the determination of Class Counsel's request for attorneys' fees and litigation expenses, as well as a Service Award, and any award thereon.

**10.15.  Notices.** Unless otherwise specifically provided herein, all notices, demands, or other communications between the parties given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

> To Class Counsel:
>
> Allen Carney
> CARNEY BATES & PULLIAM, PLLC
> One Allied Dr., Ste. 1400
> Little Rock, AR 72202
> acarney@cbplaw.com
>
> To CBN's Counsel:
>
> Michael W. Jervis
> MULLEN COUGHLIN, LLC
> 426 W. Lancaster Ave, Ste. 200
> Devon, PA 19333
> mjervis@mullen.law

**10.16.  Costs.** Except as otherwise provided herein, each Party shall bear its own costs.

**10.17.  Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents

to form a complete counterpart. Photocopies and .pdf of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

IT IS SO AGREED TO BY THE PARTIES on this 8th day of November, 2024.

By: _____
    Allen Carney (admitted pro hac vice)
    CARNEY BATES & PULLIAM, PLLC
    1 Allied Drive, Ste 1400
    Little Rock, AR 72202
    Telephone: (501) 312-8500
    Facsimile: (501) 312-8505
    Email: acarney@cbplaw.com

By: _____
    Michael Jervis (admitted pro hac vice)
    MULLEN COUGHLIN, LLC
    426 W. Lancaster Ave., Ste. 200
    Devon, PA 19333
    Telephone: (267) 930-4498
    Facsimile: (267) 930-4771
    Email: mjervis@mullen.law

    Counsel for Defendant The Christian
    Broadcasting Network, Inc.

By: _____
    Nicholas Johnson (#76027)
    James Kauffman (admitted pro hac vice)
    BAILEY GLASSER LLP
    1055 Thomas Jefferson Street NW, Ste 540
    Washington, DC 20007
    Tel: (202) 463-2101
    Fax : (202) 463-2103
    Email: njohnson@baileyglasser.com
    Email: jkauffman@baileyglasser.com

    Counsel for Plaintiff Dale Moog and
    the Proposed Settlement Class

to form a complete counterpart. Photocopies and .pdf of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

IT IS SO AGREED TO BY THE PARTIES on this 8th day of November, 2024.


By: _____
    Allen Carney (admitted pro hac vice)
    CARNEY BATES & PULLIAM, PLLC
    1 Allied Drive, Ste 1400
    Little Rock, AR 72202
    Telephone: (501) 312-8500
    Facsimile: (501) 312-8505
    Email: acarney@cbplaw.com


By: _____
    Nicholas Johnson (#76027)
    James Kauffman (admitted pro hac vice)
    BAILEY GLASSER LLP
    1055 Thomas Jefferson Street NW, Ste 540
    Washington, DC 20007
    Tel: (202) 463-2101
    Fax : (202) 463-2103
    Email: njohnson@baileyglasser.com
    Email: jkauffman@baileyglasser.com

    Counsel for Plaintiff Dale Moog and
    the Proposed Settlement Class


By: _____
    Michael Jervis (admitted pro hac vice)
    MULLEN COUGHLIN, LLC
    426 W. Lancaster Ave., Ste. 200
    Devon, PA 19333
    Telephone: (267) 930-4498
    Facsimile: (267) 930-4771
    Email: mjervis@mullen.law

    Counsel for Defendant The Christian
    Broadcasting Network, Inc.