UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
IN OPEN COURT
AUG - 7 2025
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DALE MOOG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHRISTIAN BROADCASTING NETWORK, INC.,<br><br>Defendant. | Case No. 1:24-cv-00501-PTG-IDD |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiff's unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and a Service Award. *See* ECF Nos. 27-30. These related motions reference and incorporate a proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (ECF No. 24-2) that sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendant The Christian Broadcasting Network, Inc. ("Defendant," and collectively with Plaintiff, the "Parties").

Having carefully considered the motions and the Settlement, and all of the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. This Final Approval Order and Judgment ("Order") incorporates by reference the definitions in the Settlement Agreement. All terms defined therein shall have the same meaning in

this Order as set forth in the Settlement Agreement (ECF No. 24-2). Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

3. There were no objections to the Settlement Agreement or to Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and a Service Award.

### Certification of the Settlement Class

4. Under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> All persons in the United States who: (1) possessed and used login credentials for any of CBN's websites, and (2) requested or obtained video content from and/or through any of CBN's Services during the Class Period.

5. Excluded from the Settlement Class are (1) any persons who have asserted claims against CBN under the VPPA prior to the date of this Settlement through counsel other than Class Counsel; (2) any Judge or Magistrate Judge presiding over this Action and members of their families; (3) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers, directors, agents, and attorneys; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (5) the legal representatives, successors or assigns of any such excluded persons.

6. The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class

that predominate over questions affecting only individual members (*e.g.*, whether CBN unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710, and whether Plaintiff and Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3) Plaintiff's claims are typical of the claims of the Settlement Class; (4) Plaintiff and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Dale Moog is hereby appointed Class Representative and the following are hereby appointed as Class Counsel: Allen Carney and Sam Jackson of Carney Bates & Pulliam PLLC, and Nicholas Johnson and James Kauffman of Bailey & Glasser, LLP.

## Final Approval of the Settlement Agreement and Notice Plan

8. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether:

    (a) The Class Representative and Class Counsel have adequately represented the Settlement Class;

    (b) The Settlement was negotiated at arm's length;

    (c) The relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and any justification for the awards; and (iii) any agreement required to be identified under Rule 23(e)(3); and

    (d) The Settlement treats Settlement Class Members equitably relative to each other.

9. The Court has also considered other factors relevant to class settlement approval. The Court has considered the following fairness factors "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel." *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. 2:18-MN-2873-RMG, 2024 WL 1341122, at *9 (D.S.C. Mar. 29, 2024); *In re Jiffy Lube Securities Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). Additionally, the Court has considered the following adequacy factors: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, 2024 WL 1341122, at *9; *In re Jiffy Lube*, 927 F.2d at 159.

10. Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representative and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a mediation conducted by respected mediator Honorable F. Bradford Stillman (ret.); the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and duration of the Action, Defendant's financial condition, and the reaction

of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Settlement Agreement, implicit or otherwise.

11. The Court finds that the Notice Program, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order (ECF No. 26) satisfies the requirements of Federal Rule of Civil Procedure 23(c), is reasonable and provided due, adequate, and sufficient notice of the Settlement to Settlement Class Members.

12. The Court hereby reaffirms its appointment of Kroll Settlement Administration to perform the functions and duties of the Settlement Administrator set forth in the Settlement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

13. The individuals or entities identified on Exhibit "A" attached hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such individuals or entities are not included in or bound by the Settlement or this Order. Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

14. No objections (timely or otherwise) were filed with the Court in accordance with the requirements set forth in this Court's Preliminary Approval Order. *See* ECF No. 26 ¶¶ 21-24.

15. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

## Attorneys' Fees, Litigation Expenses and Service Award

16.     The Court also has considered Plaintiff's and Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and a Service Award, as well as the supporting memorandum of law and declarations. No member of the Settlement Class objected to any of the requests in this motion. The Court adjudges that the requested payment of attorneys' fees of $1,333,333 and payment of $12,011.79 in reimbursement of costs are reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17.     The Court further finds that the requested Service Award to the Class Representative is fair and reasonable. As such, the Court approves a Service Award to the Class Representative in the amount of $5,000, to be paid in the manner and at the times set forth in the Settlement Agreement.

## Dismissal and Final Judgment

18.     The Action is hereby dismissed with prejudice, with each party to bear its own costs.

19.     The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

20.     Upon the Effective Date and by operation of this Order and Final Judgment, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Released Claims do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in the Settlement Agreement.

21. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

22. The Court shall retain exclusive, continuing, jurisdiction after the entry of this Order with respect to the implementation and enforcement of the Settlement Agreement and this Order.

23. In the event that this Order is reversed on appeal or otherwise does not become Final this Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

24. This Court hereby directs entry of this Order and Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: August 7, 2025

/s/
Patricia Tolliver Giles
United States District Judge
HON. PATRICIA TOLLIVER GILES
UNITED STATES DISTRICT COURT JUDGE

Approved as to form:

By: _____
Allen Carney (admitted *pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
1 Allied Drive, Ste 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: acarney@cbplaw.com

*Counsel for Plaintiff*

By: _____
Michael Jervis (admitted *pro hac vice*)
MULLEN COUGHLIN, LLC
426 W. Lancaster Ave., Ste. 200
Devon, PA 19333
Telephone: (267) 930-4498
Facsimile: (267) 930-4771
Email: mjervis@mullen.law

*Counsel for Defendant*

8

# Exhibit A

## Exclusion List

| Count | First Initial | Last Name |
|-------|---------------|-----------|
| 1 | J | Spear |
| 2 | S | Johnson |
| 3 | E | Gomez |